RECEIVED

JAN 29 2016

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| GREGNEISHA JOHNSON | CIVIL ACTION NO. 6:14-CV-02715 |
| VERSUS | JUDGE DOHERTY |
| U.S. COMMISSIONER, SOCIAL SECURITY ADMINISTRATION | MAGISTRATE JUDGE HANNA |

## **JUDGMENT**

This matter was referred to United States Magistrate Judge Patrick J. Hanna for report and recommendation. After an independent review of the record, and noting the absence of any objections, this Court concludes that the Magistrate Judge's report and recommendation is correct and adopts the findings and conclusions therein as its own. Accordingly,

**IT IS ORDERED, ADJUDGED, AND DECREED** that this matter is **REVERSED** and **REMANDED** to the Commissioner for further administrative action pursuant to the fourth sentence of 42 U.S.C. § 405(g).[1] More particularly, the Commissioner is instructed to (1) determine whether the claimant's mental conditions, variously described in the record as Bipolar Disorder I; Psychotic Disorder, Not Otherwise Specified; Psychosis, NOS; Unspecified Schizophrenia;

---

[1] A fourth sentence remand constitutes a "final judgment" that triggers the filing period for an EAJA fee application. *Shalala v. Schaeffer*, 509 U.S. 292, 113 S.Ct. 2625, 2631 (1993); *Freeman v. Shalala*, 2 F.3d 552 (5th Cir. 1993).

Psychotic Disorder with Delusions; and Unspecified Mood Disorder, together with her most recent full scale IQ score of 65, satisfied the requirements for Listing 12.05C at any time on or after November 3, 2011; (2) determine whether the claimant satisfied the requirements for Listing 12.05D at any time on or after November 3, 2011; (3) determine whether the claimant's mental conditions, other than her mood disorder, were severe impairments at any time between her alleged disability onset date of January 1, 2008 through March 31, 2012, her date last insured; (4) permit the claimant to supplement the record as appropriate or necessary; (5) again evaluate the claimant's residual functional capacity; (6) again evaluate whether the claimant's medical condition improved so that she was no longer disabled as of November 3, 2011; and (7) again evaluate whether the claimant was disabled on or after January 1, 2008. The claimant shall be afforded the opportunity to submit additional evidence and to testify at a supplemental hearing.

Lafayette, Louisiana, this 29 day of January, 2016.

Rebecca F. Doherty
United States District Judge